**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5874

ANGELICA GOMEZ-GARCIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-253)

Argued: April 11, 1997

Decided: April 28, 1997

Before WILKINSON, Chief Judge, and MICHAEL and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Stanley Powell, Arlington, Virginia, for Appel-
lant. Anastasia Marie Enos, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee. **ON BRIEF:**  Helen F. Fahey,
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Angelica Gomez-Garcia ran a wire transfer service, Teletransfer Bolivia, which accepted currency from individuals in the United States and transferred the funds to individuals in Bolivia. The parties stipulated that Teletransfer Bolivia qualified as a domestic financial institution. When a domestic financial institution engages in certain transactions, it must file a currency transaction report (CTR). See 31 U.S.C. § 5313(a) (1994). A jury convicted Gomez-Garcia of nine counts of failure to file a CTR when required. She appeals, challenging the jury instructions and the sufficiency of the evidence. Finding no error, we affirm.

Gomez-Garcia was convicted of violating § 5313(a), which provides that:

> When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency . . . in an amount . . . the Secretary prescribes by regulation, the institution . . . shall file a report on the transaction . . . .

A separate provision, 31 U.S.C. § 5324(a) (1994), makes it illegal to "structure" transactions so as to avoid triggering § 5313(a)'s reporting requirements:

> No person shall for the purpose of evading the reporting requirements of section 5313(a) . . .
>
> . . . .
>
> (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

2

At the time of the events alleged in the indictment, the criminal enforcement provision for both § 5313(a) and§ 5324(a) appeared at 31 U.S.C. § 5322(b) (1988). It provided:

> A person willfully violating this subchapter . . . as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period, shall be fined not more than $500,000, imprisoned for not more than 10 years, or both.

31 U.S.C. § 5322(b) (1988), amended by 31 U.S.C. § 5322 (1994).

In Ratzlaf v. United States, 114 S. Ct. 655, 663 (1994), the Supreme Court held that in order to convict a defendant of violating § 5324(a), the anti-structuring provision,"the jury had to find [that the defendant] knew the structuring in which he engaged was unlawful." See also United States v. Ismail, 97 F.3d 50, 56 (4th Cir. 1996) (applying Ratzlaf). Gomez-Garcia argues that here, too, the jury should have been required to find that she knew that"structuring . . . was unlawful."

Gomez-Garcia misreads Ratzlaf. In Ratzlaf, the charged offense was structuring; consequently, to find a "willful[ ]" violation, the jury had to find that the defendant knew that structuring was illegal. Ratzlaf, 114 S. Ct. at 662-63. Here, the charged offense was the failure to file CTRs. To "willfully violate" § 5313(a), the jury had only to find that Gomez-Garcia knew that failing to file the CTRs was illegal. The district court's instruction made this requirement clear, informing the jury that:

> [T]he Government must prove . . . that the defendant knowingly and willfully failed to file a currency transaction report for the transaction. Now, the term willfully as is used here means voluntarily and intentionally and with the specific intent to disobey or to disregard the law.

The instruction was in no way erroneous.

Gomez-Garcia's sufficiency of the evidence claim is equally meritless. When determining the sufficiency of the evidence, we ask

3

"whether viewing the evidence in the light most favorable to the prosecution `any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Tipton, 90 F.3d 861, 889 (4th Cir. 1996) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, there was abundant evidence that Gomez-Garcia knew that the law required her to file CTRs on the transactions at issue and that she failed to do so. Her accountant testified that he had discussed the CTR filing process with her on at least two occasions. In addition, Gomez-Garcia had worked for another wire transfer service prior to opening Teletransfer Bolivia and thus had prior experience with currency reporting requirements.

Accordingly, we affirm the judgment of the district court.

AFFIRMED